IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MANUWELA K. KAIPO,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII,<br><br>Defendant. | Case No. 25-cv-00371-DKW-WRP<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On October 23, 2025, the State of Hawai'i (the "State") filed a motion to dismiss *pro se* plaintiff Manuwela K. Kaipo's Complaint, asserting that Kaipo's claims pursuant to 42 U.S.C. § 1983 are barred by the Eleventh Amendment, fail to state a claim under Fed.R.Civ.P. 12(b)(6), and are untimely. Having reviewed the Complaint and the parties' briefs, the Court agrees that dismissal is appropriate for each of the reasons relied on by the State. Accordingly, the motion to dismiss is GRANTED with leave to amend, as explained below.

### FACTUAL & PROCEDURAL BACKGROUND

Kaipo's Complaint contains little detail. The few allegations appear to offer the following: Kaipo was "wrongfully imprisoned for twenty-five months" before being found not guilty. Dkt. No. 1 at 4. This period of incarceration apparently occurred from June 3, 2015 to July 13, 2016, and from June 20, 2019 to May 21,

2020. *Id*. Kaipo was detained in the Hawaii State Hospital and Kahi Mohala Behavioral Health. *Id*. She "sustained traumatic brain injuries," as well as liver and nerve damage as a result of her imprisonment and did not receive "required" treatment for "manic depression", "high blood pressure", or "phsycology" [sic]. *Id*. at 5.

On September 2, 2025, Kaipo initiated this action. Dkt. No. 1. She alleges only a Section 1983 claim against the State in its official capacity. *Id*. at 2–3. Kaipo requests monetary damages of "twelve hundred dollars" for each day of her wrongful incarceration for a total of $918,000. *Id*. at 5.

On October 23, 2025, the State moved to dismiss, asserting that (1) any claim against the State is barred by Eleventh Amendment sovereign immunity; (2) the State is not a "person" subject to suit under Section 1983; and (3) Kaipo's claims are time-barred. Dkt. No. 10-1 at 4–7. On November 19, 2025, Kaipo responded, stating only that the "prosecution delaying access" to evidence "postponed [her] case," without elaboration. Dkt. No. 13. On November 25, 2025, the State replied, arguing that Kaipo failed to meaningfully respond to the motion to dismiss. Dkt. No. 14. The Court took the State's motion under advisement without oral argument (Dkt. No. 16), and this order now follows. *See* LR7.1(c).

## **STANDARD OF REVIEW**

**I.      Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is considered facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* As a result, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," nor do factual allegations that only permit the Court to infer "the mere possibility of misconduct." *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555).

The Court liberally construes a pro se pleading. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by suggesting or supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Indeed, the Ninth Circuit has made clear that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted). "[T]he rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant." *Id.* at 1131 (citation and internal quotation marks omitted). Although this rule is generally applied with "extreme liberality," the Court may nevertheless deny leave to amend when: (1) it would prejudice an opposing party; (2) it is sought in bad faith; (3) it would produce an undue delay in litigation; (4) it would be futile; or (5) there has been repeated failure to cure a deficiency. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks and citation omitted); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir.

2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

The State moves to dismiss Kaipo's Complaint. Dkt. No. 10. For various reasons, the Court agrees that dismissal is appropriate.

First, although Kaipo is unclear as to the exact nature of her claims, the Complaint states that she brings her Section 1983 action against the State in its official capacity, seeking damages. Dkt. No. 1 at 2. Such a claim, regardless of its grounds, is barred by the State's sovereign immunity under the Eleventh Amendment.[1] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity[.]"); *Linville v. Hawaii*, 874 F.Supp. 1095, 1103 (D. Haw. 1994) (State of Hawaiʻi has not waived its sovereign immunity for civil rights actions brought in federal court).[2]

---

[1]Dismissal is appropriate on this ground alone. For the sake of completeness and in the interest of clarifying Kaipo's claims should she choose to amend the Complaint, the Court will also address the State's remaining arguments for dismissal.
[2]Kaipo's Section 1983 claims would be barred even if the Court assumed they were brought against the state hospitals in which she was detained, rather than against the State itself. *See Beaver v. W. State Hosp.*, 457 F. App'x 638, 639 (9th Cir. 2011) (affirming that Section 1983 claims against a state-run hospital were barred "on the basis of Eleventh Amendment immunity").

Second, a Section 1983 claim requires two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court has held, however, that "neither a State nor its officials acting in their official capacities are 'persons' under Section 1983." *Will*, 491 U.S. at 66. Kaipo asserts claims only against the State itself, as opposed to any state official acting in their individual capacity. Dkt. No. 1 at 2. Her Complaint therefore fails to meet the requirements to state a Section 1983 claim.

Finally, with respect to timeliness, Section 1983 claims are governed by the forum state's statute of limitations for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Hawaiʻi, the statute of limitations is two years. *Beckstrand v. Read*, 680 Fed.Appx. 609, 610 (9th Cir. 2017) (citing Haw. Rev. Stat. § 657-7) ("Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued . . . ."). Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues and, hence, when the statute of limitations begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief. *Id.*; *see also Kimes v. Stone*, 84

F.3d 1121, 1128 (9th Cir. 1996) ("Under federal law, the limitations period accrues when a party knows or has reason to know of the injury which is the basis of the cause of action." (internal quotation marks omitted)).

Here, Kaipo's Complaint is so lacking in detail that it is difficult for the Court to discern what claims she intends to bring—and, therefore, when those claims should have been timely filed. Reading her Complaint broadly, it is possible Kaipo seeks to bring a false imprisonment claim concerning the period of her incarceration. If so, such a claim would have accrued "when the false imprisonment ends." *Faaita v. Liang*, 2009 WL 89197, at *4 (D. Haw. Jan. 14, 2009) (citing *Wallace*, 549 U.S. at 389). Here, it appears that Kaipo's period of imprisonment ended on May 21, 2020. Dkt. No. 1 at 4. If so, her September 2, 2025 Complaint was filed more than three years late.

In her opposition, Kaipo appears to blame this delay on the "prosecution" having withheld evidence. Dkt. No. 13. Construing this liberally, it is possible Kaipo is attempting to assert equitable tolling, which applies "if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of h[er] claim." *Isagawa v. Homestreet Bank*, 769 F. Supp. 2d 1255, 1234 (D. Haw. 2011) (internal quotation marks omitted); *see also O'Donnell v. Vencor, Inc.,* 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations where the claimant has actively pursued h[er] judicial remedies by filing a defective

pleading during the statutory period, or where the complainant has been induced or tricked by h[er] adversary's misconduct into allowing the filing deadline to pass." (internal quotation marks omitted)).  Similarly, equitable estoppel allows the tolling of the statute of limitations where there was "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (internal citation and quotation marks omitted); *see also "Makiko D." v. Hawaii*, 2007 WL 1153811, at *9 (D. Haw. Apr. 17, 2007) ("Equitable estoppel focuses on the actions taken by the [d]efendant in preventing [p]laintiffs from filing suit.").

    Neither doctrine aids Kaipo here, at least on the present record.  For equitable tolling, Kaipo has not alleged any degree of due diligence in pursuing her claims during the period after her claims accrued.  *See "Makiko D."*, 2007 WL 1153811, at *9 (finding that equitable tolling did not apply where plaintiffs "set forth no evidence that they diligently pursued" their claim).  A plaintiff pleading equitable estoppel, meanwhile, must allege the following: "(1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance." *Est. of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011).  Kaipo has alleged none of these, nor come close to providing the requisite detail in

her opposition brief.  Accordingly, there are no grounds to justify tolling and—based on the present record—it appears that Kaipo's claims are untimely.

For the above reasons, the Court grants the motion to dismiss.  Although Kaipo has given no basis for her Complaint as of now (and her claims may be untimely regardless), she "could conceivably cure these deficiencies" by amending her pleadings.  *Jones v. Rising Phoenix Holdings Corp.*, 2025 WL 2802180, at *7 (D. Haw. Oct. 1, 2025).  Because of this, and in light of her *pro se* status, this dismissal is without prejudice and with leave to amend.  *Lopez*, 203 F.3d at 1130.

## **CONCLUSION**

For the reasons set forth herein, the State's Motion to Dismiss, Dkt. No. 10, is GRANTED, and the Complaint is DISMISSED without prejudice and with leave to amend.  Should Kaipo wish to amend her pleadings, she must file a standalone first amended complaint that does not incorporate or rely on her previous filings no later than January 7, 2026.  If no amended pleading is filed by that date, this action will be dismissed and closed without further notice.

IT IS SO ORDERED.

DATED: December 18, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge